UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br>Plaintiffs,<br><br>v.<br><br>CORDIS CORPORATION,<br><br>Defendant. | Civil No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc., (collectively, "BSC"), for their Complaint against Defendant Cordis Corporation ("Cordis"), hereby allege as follows and demand a jury trial on all the issues so triable.

## PARTIES

1. Plaintiff Boston Scientific Corporation is a Delaware corporation with a principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760.

2. Plaintiff Boston Scientific Scimed, Inc. is a Minnesota corporation with a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311.

3. Upon information and belief, Defendant Cordis Corporation is a Florida corporation with a place of business at 430 Route 22 East, Bridgewater, NJ 08807.

4. The parties are direct competitors in the field of cardiovascular stents. A cardiovascular stent is a tiny scaffold that is placed into a blocked artery. A stent is delivered to the blocked artery in a crimped state on a balloon catheter. The stent is then expanded by a balloon to either reopen the blocked artery or maintain the lumen of an artery that has previously

been reopened by a balloon angioplasty procedure.

5.  Less than seven years ago, all approved cardiovascular stenting procedures in the United States were performed with stents that were made of bare metal without any drug-polymer coating.

6.  Treatment of patients with vessel blockages improved dramatically with the advent of drug-eluting stents. A drug-eluting stent is a bare-metal stent with a drug-polymer coating intended to inhibit the re-growth of cells in the reopened vessel passageway, and thereby reduce the need for patients to receive repeat stenting procedures.

7.  Prior to Cordis receiving FDA approval, BSC's Taxus Express Atom and Taxus Liberté Atom were the only drug-eluting stents approved for use in the United States to treat occluded blood vessels that were less than 2.5mm in diameter. No other stent manufacturer had a drug-eluting stent approved for use in such patients in the United States.

8.  Cordis has since received FDA approval to sell a drug-eluting stent in the United States that is indicated for use in blood vessels less than 2.5mm in diameter. Currently, BSC and Cordis are the only stent manufacturers with drug-eluting stents approved in the United States to treat this segment of the patient population.

## NATURE OF THE ACTION

9.  This is an action for the willful infringement of, *inter alia*, Claim 36 of U.S. Patent No. 5,922,021 ("the '021 patent"). A true and correct copy of the '021 patent is attached hereto as Exhibit A. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

10. In January 2003, Cordis filed a Complaint in the U.S. District Court for the District of Delaware (the "Delaware Court") against BSC alleging that BSC's Express and Taxus

Express stents infringed U.S. Patent No. 4,739,762. BSC counterclaimed that, *inter alia*, Cordis' Cypher and Bx Velocity stents infringed Claim 36 of the '021 patent. A true and correct copy of BSC's Answer to Cordis' Complaint is attached hereto as Exhibit B.

11. In July 2005, after a multi-day trial, a jury returned its verdict that Cordis' Cypher and Bx Velocity stents each infringed Claim 36 of the '021 patent. The jury also returned its verdict that Claim 36 was not invalid. A true and correct copy of the jury verdict is attached hereto as Exhibit C.

12. In March 2009, the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") affirmed the Delaware Court's finding that Cordis' Cypher and Bx Velocity stents infringed Claim 36 of the '021 patent and that Claim 36 was not invalid. A true and correct copy of the Federal Circuit's decision affirming the district court's rulings as to the '021 patent is attached hereto as Exhibit D. The Delware Court has scheduled trial on damages issues relating to the Cypher and Bx Velocity stents for February 2010.

13. Since the Federal Circuit decision, Cordis has introduced a new stent that it calls the "Cypher Mini," which, on information and belief, is merely a smaller version of Cordis' infringing Cypher stent.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Upon information and belief, Cordis is subject to personal jurisdiction in this Court as evidenced by, *inter alia*, its systematic and continuous contacts in this judicial district and its offers to sell and sale of products in this judicial district, including products that infringe the '021 patent. This Court's exercise of personal jurisdiction over Cordis is therefore consistent

with Minnesota's long-arm statute, Minn. Stat. § 543.19, and with due process.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b). BSC has substantial connections to the State of Minnesota. For example, BSC, through its wholly-owned subsidiary, Boston Scientific Scimed, Inc., owns several manufacturing facilities in the State of Minnesota, including the facilities that manufacture all of BSC's drug-eluting stents for sale in the United States. BSC also employs thousands of Minnesota residents that, *inter alia*, design, make and sell BSC products, including drug-eluing stents such as the Taxus Atom stents, which directly compete with Cordis' Cypher Mini stent.

## PATENT-IN-SUIT

17. On July 13, 1999, the USPTO duly and legally issued the '021 patent, titled "Intravascular Stent," to G. David Jang, M.D.

18. BSC is the assignee of the '021 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent.

19. Claim 36 of the '021 patent claims a pattern of struts arranged in a specified manner on a stent. That claimed pattern provides Cordis' Cypher and Bx Velocity stents with, *inter alia*, their flexibility and scaffolding characteristics. For example, for several years prior to the launch of the infringing Bx Velocity stent, Cordis was unable to effectively compete in the U.S. stent marketplace because its stents were too inflexible compared to its competitors' stents. Using the technology disclosed and claimed in the '021 patent, however, Cordis has sold billions of dollars worth of Cypher and Bx Velocity stents in the United States and abroad.

## ACTS GIVING RISE TO THIS ACTION

20. Cordis has willfully infringed Claim 36 of the '021 patent by making, using, offering for sale and/or selling within the United States, and/or importing into the United States,

4

the 2.25mm Cypher Mini stent. The Cypher Mini stent is Cordis' newest drug-eluting stent approved for sale in the United States.

21. On September 21, 2009, Cordis announced that it had received FDA approval for the Cypher Mini. Upon information and belief, Cordis has recently begun offering for sale and selling Cypher Mini in the United States. Before receiving FDA approval, Cordis was not approved to sell any drug-eluting stent in the United States to treat patients with occlusions in blood vessels that were less than 2.5mm in diameter. Indeed, the FDA required Cordis to submit a Premarket Approval application for Cypher Mini separate and apart from the Premarket Approval application it had previously submitted for its other Cypher-family stents.

22. Cypher Mini infringes Claim 36 of the '021 patent. Claim 36 of the '021 patent claims a particular strut pattern of a stent. While Cypher Mini is smaller than the workhorse Cypher stent, upon information and belief, both stents have the same proportional strut pattern. Indeed, Cordis' press release described Cypher Mini as a "new, smaller version of the CYPHER Sirolimus-eluting Coronary Stent." A true and correct copy of Cordis' press release is attached hereto as Exhibit E.

23. Cordis does not have any license to practice the subject matter claimed by the '021 patent. Cordis does not have any other authority to practice the subject matter claimed by the '021 patent.

## CORDIS' INFRINGEMENT IS WILLFUL

24. Cordis' willful infringement of the '021 patent in violation of 35 U.S.C. § 271 is egregious. Not only has Cordis been aware of the '021 patent at all relevant times, it has already litigated the issue of liability for the Cypher stent strut pattern *through appeal*, and been found to be an infringer at every step of the process.

25.     Further highlighting Cordis' deliberate disregard of BSC's patent rights, the Federal Circuit's decision affirming the Delaware Court's findings on infringement and validity issued in March 2009. Nonetheless, Cordis proceeded to launch Cypher Mini for sale in the United States in October 2009, nearly 7 months later, and with full knowledge that it was launching an infringing stent.

26.     BSC has been irreparably harmed by Cordis' willful infringement of the '021 patent and will continue to be irreparably harmed by that infringement unless and until it is enjoined by this Court. The remedies available at law are inadequate to compensate BSC fully for the injuries that it has already suffered and will continue to suffer as a result of Cordis' willful infringement of the '021 patent.

27.     BSC has complied with the requirements of 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BSC prays for judgment:

A.     Adjudging that Cordis' Cypher Mini stent infringes the '021 patent;

B.     Enjoining Cordis, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from making, using, offering to sell and/or selling within the United States, and/or importing into the United States, any medical device or other product that is found to infringe or induce or contribute to the infringement of the '021 patent prior to the expiration of that patent, including any extensions, in this action;

C.     Awarding BSC damages adequate to compensate for Cordis' infringement of the '021 patent, including its lost profits, together with interest and costs as fixed by the Court;

D.     Adjudging that Cordis has willfully infringed the '021 patent and trebling the damages awarded to BSC for such infringement pursuant to 35 U.S.C. § 284;

E. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding BSC the attorney fees, costs and expenses they incur in this action; and

F. Awarding BSC such other and further relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, BSC respectfully demands a jury trial of all issues so triable.

Dated: December 4, 2009              FAEGRE & BENSON LLP

_____
Randall Kahnke (#202745)
Kevin P. Wagner (#034008X)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 54402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Attorneys for Plaintiffs
Boston Scientific Corporation and
Boston Scientific Scimed, Inc.

*Of Counsel:*
John M. Desmarais
Peter J. Armenio
Young J. Park
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900